UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frank Prude,                                    Case No. 3:19-cv-1055

    Plaintiff

v.                                              MEMORANDUM OPINION AND
                                                ORDER

Melvin Russell, et al.,

    Defendants

*Pro se* Plaintiff Frank Prude filed this civil action pursuant to 42 U.S.C. §§ 1981, 1983, and 1986 against Melvin Russell, an employee of the City of Toledo, Jane Doe Police Officers, and the City of Toledo (collectively "Defendants"). (Doc. 1). Plaintiff has also filed a motion to proceed with this action *in forma pauperis*. (Doc. 2).

I grant Plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth below, I dismiss this action.

## BACKGROUND

Plaintiff alleges that on January 3, 2017, at around 3:30 p.m., he was driving in Toledo, Ohio, when the driver of a black truck tried to cut Plaintiff off, causing Plaintiff to make a sudden and complete stop. According to the Complaint, the drive of the black truck started to exit the vehicle and Plaintiff feared for his life and drove off. Plaintiff states that the driver of the black truck returned to his vehicle and drove across the road in front of Plaintiff and tried to run Plaintiff off the road. Plaintiff drove home, followed by the black truck. When Plaintiff entered his garage and closed the door, the drive of the black truck exited the vehicle and entered onto Plaintiff's property. (Doc. 1 ¶¶ 6-10).

A few minutes later, two Toledo Police Officers knocked on Plaintiff's front door and ordered him onto the porch. The police officers asked the driver of the black truck, who was wearing a jacket with a Toledo Police patch, "is this the boy" and they proceed to terrorize Plaintiff and racially profile him because he was black. (*Id.* ¶¶ 11-13).

The driver of the black truck was an off-duty Toledo Police Officer, defendant Melvin Russell, and he issued a traffic ticket to Plaintiff. As a consequence, Plaintiff was subject to a "sham legal process" from January 2017 to April 19, 2017, when his case was dismissed from Toledo Municipal Court. (*Id.* ¶¶ 14-17). Plaintiff claims that the City of Toledo was responsible for its police officer's conduct. (*Id.* ¶ 23). Plaintiff alleges that the Defendants' conduct between January 3, 2017 and April 19, 2017, violated his rights under federal law, the United States Constitution, and State law. (*Id.* ¶ 5). Plaintiff claims that as a consequence of Defendants' conduct, he required medical and psychiatric treatment between June and October 2017. (*Id.* ¶ 20). Plaintiff seeks compensatory and punitive damages. (*Id.* ¶¶ 22, 24).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

## ANALYSIS

### A. Plaintiff's 42 U.S.C. §§ 1981, 1983, and 1986 Claims are Dismissed

The statute of limitations for a § 1983 action arising in the State of Ohio is two years. *See Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985) (holding that federal courts must apply the state statute of limitations for personal injury actions to § 1983 claims); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions). The accrual date of a § 1983 action is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a § 1983 cause of action accrues when a plaintiff knew or should have know of the injury "which is the basis of his action." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (citation omitted); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "The relevant inquiry is 'what event should have alerted the typical lay person to protect his or her rights.'" *Filer v. Polston*, No. 3:11-CV-170, 2012 WL 1694588, at *4 (S.D. Ohio May 15, 2012) (quoting *Roberson*, 399 F.3d at 794 (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000))).

Here, Plaintiff's allegations make clear that he knew the injury which forms the basis of his action took place on January 3, 2017. Plaintiff alleges that on that date, Defendants conspired to racially profile Plaintiff and terrorized him because of his race. Certainly, by the time his "sham" legal case was dismissed by the Toledo Municipal Court on April 19, 2017, Plaintiff was aware of the claimed injuries he sustained as a consequence of Defendants' conduct.

Plaintiff did not file his complaint until May 10, 2019. Plaintiff's § 1983 claims, therefore, are time-barred by the two-year statute of limitations and are dismissed for that reason pursuant to § 1915(e)(2)(B). *See Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired).

Plaintiff also asserts claims pursuant to 42 U.S.C. §§ 1981 and 1986. (Doc. 1 ¶ 5). The same two-year statute of limitations applied to § 1983 claims also applies to § 1981 claims. The statute of

3

limitations for a § 1986 claim, which provides a cause of action for neglect to prevent violations of § 1985, is one year. *Mickey v. McFaul*, No. 1:10CV1350, 2010 WL 3221921, at *2 (N.D. Ohio Aug. 13, 2010) (citations omitted); 42 U.S.C. 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Accordingly, Plaintiff's § 1981 and 1986 claims are also time-barred and dismissed pursuant to § 1915(e)(2)(B).

### B. Plaintiff's State Law Claim are Dismissed without Prejudice

Plaintiff asserts numerous state law claims. (Doc. 1 ¶ 5). A district court may decline to exercise supplemental jurisdiction over state law claims when the claims supporting original jurisdiction are dismissed. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff asserts federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334. (Doc. 1 ¶ 5). But for the reasons set forth above, I have dismissed Plaintiff's federal claims. Having dismissed all of Plaintiff's federal claims, and there being no other basis for federal subject matter jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (when all federal law claims are dismissed before trial, the balance of considerations usually point to dismissing the state law claims) (collecting cases).

## CONCLUSION

For the reasons stated above, I dismiss Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e). I dismiss Plaintiff's state law claims without prejudice.

I grant Plaintiff's motion to proceed *in forma pauperis*.

4

I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge